08 CV 02215

JUDGE SWAIN

BLANK ROME, LLP
Attorneys for Plaintiff
Jeremy J.O. Harwood (JH 9012)
405 Lexington Avenue
The Chrysler Building
New York, NY 10174
(212) 885-5000

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



| | |
|---|---|
| HORUS SHIPPING AND TRANSPORT S.A.E., <br><br> Plaintiff, <br><br> v. <br><br> EGYPT CEMENT TRADING AND EXPORT, <br><br> Defendant. | 08 Civ. <br><br> **VERIFIED COMPLAINT** |

Plaintiff HORUS SHIPPING AND TRANSPORT S.A.E. ("Plaintiff"), by its attorneys Blank Rome, LLP, complaining of the above-named Defendant EGYPT CEMENT TRADING AND EXPORT ("Defendant" or "Egypt Cement"), alleges upon information and belief as follows:

1.  This is a case of admiralty and maritime jurisdiction, as hereinafter more fully appears, and is an admiralty or maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. The Court has subject matter jurisdiction.

2.  At all material times, Plaintiff was and now is a foreign company organized and existing under the laws of Egypt.

129156.00601/6621575v.1

3. At all material times, Defendant, Egypt Cement, was and now is a corporation organized and existing under the laws of Egypt.

## THE BASIC FACTS

4. Plaintiff acted as disclosed agent for Defendant, as principal, in obtaining the charter of a vessel, M.V "KATERINA G," from her owner ERGO SHIPPING SA ("Ergo") pursuant to a charter dated on or about February 5, 2008 (the "Charter").

5. The "fixture recap" dated on or about February 6, 2004 expressly referred to:

> A/C [Account] "Horus Shipping & Transport S.A.E." <u>On behalf of Egypt Cement Trading & Export</u> who chartered the following ships ...

[emphasis added]

6. Thereafter Ergo invoiced for hire due and owing under the charter and addressed those invoices to Plaintiff, which Egypt Cement failed to pay.

7. Ergo demanded London arbitration in respect, <u>inter alia</u>, of the non-payment of hire.

8. Plaintiff asserted that it was the agent for a disclosed principal, Egypt Cement, and not liable.

9. In a London arbitration award entitled "Ergo Shipping SA and Horus Shipping and Transport S.A.E. on Behalf of Egypt Cement Trading and Export" dated on or about July 20, 2007, a sole arbitrator rejected Plaintiff's agency defense on the basis that Plaintiff should have returned to Ergo the freight invoice "explaining to them their alleged role of agents."

10. Accordingly, the London Award held Plaintiff liable to Ergo in the sum of $45,306.87, as Charterers under the Charter.

11. The validity of the Award has been challenged by Plaintiff in the Egyptian Courts.

12. Ergo commenced a Rule B action against Plaintiff by complaint dated August 23, 2007 entitled <u>Ergo Shipping SA v. Horus Shipping & Transport S.A.E.</u>, 07 CIV 7478 (LAP) (the "Ergo Complaint").

13. The Court issued an ex parte Order of Maritime Attachment and Garnishment dated August 23, 2007 for the sum of $73,800, as demanded in the Ergo Complaint.

14. Ergo has, to date, restrained $41,085 in electronic fund transfers belonging to Plaintiff and seeks to attach the full sum sought in the Ergo Complaint.

## COUNT I

### CAUSE OF ACTION FOR BREACH OF CONTRACT AND FOR INDEMNITY

15. Plaintiff repeats paragraphs 1 through 14 as if fully set forth herein.

16. Egypt Cement breached the express or implied agency agreement order which Horus negotiated the Charter on its behalf.

17. Egypt Cement is liable to Plaintiff for all its damages arising from the aforesaid breach and/or must indemnify and hold Plaintiff harmless

## COUNT II

## RULE B RELIEF

18.  Plaintiff repeats paragraphs 1 through 17 as if fully set forth herein.

19.  Plaintiff seeks issuance of process of maritime attachment in the sum of $73,800 so that it may obtain security for its claims for damages and/or indemnity against Egypt Cement in respect of the London Award and/or Ergo Complaint and no security for Plaintiff's claim has been posted by Defendant or anyone acting on its behalf to date.

20.  Defendant cannot be found within this district within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure ("Rule B"), but is believed to have, or will have during the pendency of this action, assets in this jurisdiction.

**WHEREFORE**, Plaintiff prays:

A.  That process in due form of law issue against Defendant, citing it to appear and answer under oath all and singular the matters alleged in the Verified Complaint;

B.  That since Defendant cannot be found within this District pursuant to Rule B, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B attaching all of Defendant's tangible or intangible property or any other funds held by any garnishee, which are due and owing to Defendant up to the amount of $73,800 to secure the Plaintiff's claims, and that all persons claiming any interest in the same be cited to appear and, pursuant to Rule B, answer the matters alleged in the Verified Complaint;

  C. That this Court retain jurisdiction over this matter through the entry of a judgment herein.

  D. That Plaintiff may have such other, further and different relief as may be just and proper.

Dated: New York, NY
   March 5, 2008

              Respectfully submitted,
              BLANK ROME, LLP
              Attorneys for Plaintiff

              By _____
              Jeremy J.O. Harwood (JH 9012)
              405 Lexington Avenue
              New York, NY 10174
              Tel.: (212) 885-5000

## VERIFICATION

STATE OF NEW YORK              )
                               : ss.:
COUNTY OF NEW YORK             )

Jeremy J.O. Harwood, being duly sworn, deposes and says:

1. I am a member of the bar of this Honorable Court and of the firm of Blank Rome, LLP, attorneys for Plaintiff.

2. I have read the foregoing Complaint and I believe the contents thereof are true.

3. The reason this Verification is made by deponent and not by Plaintiff is that Plaintiff is a foreign corporation, no officer or director of which is within this jurisdiction.

4. The sources of my information and belief are documents provided to me and statements made to me by representatives of Plaintiff.

_____
Jeremy J.O. Harwood

Sworn to before me this
5th day of March 2008

_____
Notary Public

NEAL MITCHELL
Notary Public, State of New York
No. 01MI6114408
Qualified in New York County
Commission Expires Aug 16 20__

129156.00601/6621575v.1                6

BLANK ROME, LLP
Attorneys for Plaintiff
Jeremy J.O. Harwood (JH 9012)
405 Lexington Avenue
The Chrysler Building
New York, NY 10174
(212) 885-5000

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| HORUS SHIPPING AND TRANSPORT S.A.E., <br><br> Plaintiff, <br><br> v. <br><br> EGYPT CEMENT TRADING AND EXPORT, <br><br> Defendant. | 08 Civ. <br><br> **AFFIDAVIT UNDER** <br> **SUPPLEMENTAL RULE B** |

STATE OF NEW YORK    )
                                        : ss.:
COUNTY OF NEW YORK )

JEREMY J.O. HARWOOD, being duly sworn, deposes and says:

1. I am a member of the Bar of this Honorable Court and a member of the firm of Blank Rome, LLP, attorneys for the Plaintiff herein. I am familiar with the circumstances of the complaint and submit this affidavit in support of Plaintiff's request for the issuance of process of maritime attachment and garnishment of the property of defendant HORUS SHIPPING AND TRANSPORT S.A.E., a company organized and

129156.00601/6621554v.1

existing under the laws of Egypt, pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure.

2. The defendant is not incorporated or registered to do business in this State.

3. Under my supervision, my office did a search of the New York State Secretary of State, Division of Corporations, Transportation Tickler (2007 edition), telephone assistance in New York City, and the internet Yellow Pages.

4. In our search, we did not find any listing or reference to defendant in this district or state.

5. In the circumstances, I believe the defendants cannot be "found" within this district.

6. I attach as Exhibit 1 hereto a copy of the "fixture recap."

_____
Jeremy J.O. Harwood

Sworn to before me this
5th day of March, 2008

_____
Notary Public

NEAL MITCHELL
Notary Public, State of New York
No. 01MI6114408
Qualified in New York County
Commission Expires Aug. 16, 20__

129156.00601/6621554v.1

2

# EXHIBIT 1

```
                                   fixture recap.txt
From: Frontline Maritime Ltd [frontline@internet.gr]
Sent: 06 ÝÈÑÇÍ, 2004 11:01 Ö
To: horusshp@menanet.net
Subject: LgINT Message (REF:040EF5700)

TELiX MSG: OEF57 06/02/04 11:01


FRONTLINE MAR LTD ATHENS-GREECE TEL. +30-210-8014715/6/7
                                FAX. +30-210-8014718
                                MAIL frontline@internet.gr
                               _____
  Agiou Trifonos street N10 - Kifissia - Athens - Greece


ATT MR AHMED EL MONAYRI

DEAR AHMED ,

GOOD DAY

TO : ERGO SHIPPING S.A - OWNERS
TO : HORUS SHIPPING AND TRANSPORT S.A.E.


MV ''KATERINA G''/ HORUS - CP 05/02/2004
-----------------------------------------


CLEAN FIXTURE RECAP WITH ALL SUBS SHPRS/RCVRS APRVL IN ORDER
============================================================
MV ''KATERINA G'' EX ''PERSEAS I''
--
SID/LOG 16.482 MTS ON 9.1M - BLT '76 - PANAMA FLAG CLASS POLSKI REG - GRAIN/CO2/ITF
FITTED - GRT/NRT 10013/6083 4HOHA - HADIMS NO1 : 12.80X(9.00-10.8) NO2/3/4 :
20.52X10.92 G/B 738.956/718.944 CBFT - DERR 4 X 12 TS LOA/LBP/BEAM/DEPTH
141.96/133.72/21.80/12.20 ALL IN MTRS SPEED/CONSUMPION 11.0  KNOTS ON ABT 16.5TS IFO
180 CST + 1.8TS MDO AT PORT IDLE/WORKING 1.8 MT MGO/2.5 MT MGO VSL BURNS MGO IN MAIN
ENGINE WHEN MANEUVERS VSL'S GEAR NOT TO BE USED FOR LOAD/DISCHARGING AND FOR THE
CARGO OPERATIONS VSL TO BE CONSIDERED GEARLESS
    = ALL DTLS ABT + WOG =

B) ADDITIONAL INFOS :

   HEAD OWNERS : ERGO SHIPPING S.A
   MANAGERS : CHANNEL CARRIERS INC.
   CALL SIGN : 3FRE5
   IMO NUMBER : 7520217
   CLASSED : POLSKI REGISTER
   P+I CLUB : TERRA NOVA - UK
   HEIGHT FM TTOP TO TOP HATCHCOAMING 11.90 MTRS
   OTHER DISTANCES AS PER FAXED PLAN

 OWNS CONFIRM TT THEY ARE THE SOLE OWNS OF THE ABOVE VESSEL
   N NOT THE DISPONENT OWNERS.VSL IS NOT ON TIME CHARTER OR BAREBOAT
   CHARTER OR ON LONG PERIOD TO THE OWNS AND NO OTHER PARTIES ARE
   INVOLVED. (OWISE TO STATE ABV FULL DETAILS OF T/CHTRS D/OWNS)

 OWNS CONFIRM THAT PERFORMING VSL IS FULLY P AND I COVERED
   WITH 'TERRA NOVA'AND THAT ALL CALLS INCLUDING SUPPLEMENTARY
   CALLS, IF ANY ARE FULLY PAID UP AND VESSEL SHALL REMAIN SO
   COVERED FOR THE DURATION OF THE VOYAGE.
                                     Page 1
```

```
                              fixture recap.txt
   OWNS P+I CLUB TO CONFIRM THAT VSL FULLY COVERED, I.E. THAT
   PREMIUMS HV BN PAID UPTODATE. PSE FAX COVER NOTE .

   OWNS CONFIRM THAT PERFORMING VESSEL IS CLASSED WITH
   POLSKI REGISTER AND SHALL REMAIN SO CLASSED FOR THE
   WHOLE DURATION OF THIS VOYAGE.

   OWNS CONFIRM THAT PERFORMING VESSEL IS FULLY H+M INSURED AT A
   VALUE OF USD 1,500,000 AND SHALL REMAIN SO COVERED FOR THE
   DURATION OF THIS VOYAGE.

   OWNERS CONFIRM THAT PERFORMING VESSEL IS SINGLE DECKER BULK
   CARRIER WITH HOLDS WHICH ARE FREE OF ANY OBSTRUCTIONS/BULKHEADS/
   STANCHIONS/PILLARS N VESSEL IS IN EVERY WAY SUITABLE TO LOAD /
   SHIP / DISCHARGE THE INTENDED CARGO WITH SUFFICIENT FLAT FLOOR
   SPACE AND TANK TOP STRENGTH TO LOAD SAME.

   OWNERS CONFIRM THAT PERFORMING VSL'S CERTIFICATES,ARE FULLY
   UP TO DATE AND SHALL RETAIN THEIR VALIDITY THROUGHOUT THIS VOYAGE

   OWNERS CONFIRM THAT THE PERFORMING VSL AND THE COMPANY (AS
   DEFINED BY THE ISM CODE) SHALL, THROUGHOUT THE CURRENCY OF THIS
   CHARTER PARTY ,COMPLY WITH THE ISM CODE N OWS UNDERTAKE IF SAME
   REQUESTED TO FAX DIRECTLY TO THE CHARTERERS OFFICIES IN ATHENS ,
   PRIOR TO LIFTING OF SUBS, COPIES OF THE RELEVANT DOCS OF
   COMPLIANCE? (DOC) AND SAFETY MANAGEMENT CERTIFICATE (SMC).

   OWNERS CONFIRM THAT THE PERFORMING VESSEL'S HATCHCOVERS/MANHOLES
   ETC ARE ABSOLUTELY WATERTIGHT AND IN GOOD CONDITION AND SHALL
   REMAIN SO THROUGHOUT THIS VOYAGE.

   OWNERS CONFIRM THAT PERFORMING VESSEL SHALL NOT BE SOLD FOR SCRAP
   DURING THE COMPLETION OF THIS VOYAGE

   OWNERS CONFIRM THAT PERFORMING VESSEL SHALL NOT BE SOLD DURING
   THIS VOYAGE WITHOUT CHARTERERS WRITTEN CONSENT.

   OWNERS CONFIRM /DEMISE THAT PERFORMING VESSEL IS NOT BLACKLISTED
   AND THAT VSL HAS NO ENCRUMBRANCES WHICH MAY CAUSE HER ARREST
   OR DETENTION .

   MASTER TO DECLARE   QTY VSL WILL LOAD (ABOUT 15.700/15.900 MTS )
   PRIOR VESSEL'S ARRIVAL LOAD PORT

   OWNS TO ADVICE LAST THREE CARGOES/CHRTS - COMMENCING WITH LAST
   1.BLK SBM    // SILOS MARTINI ITALY
   2.BGD FERTS // NORSK HYDRO
   3.BLK GYPSUM// P.S.E B'LONA SPAIN

   A/C "HORUS SHIPPING & TRANSPORT   S.A.E.''
   ON BEAHLF OF EGYPT CEMENT TRADING & EXPORT "
   WHO CHATERERED THE FOLLOWING SHIPS :
   MV " KESTREL" & M/V " MIRICA L " & M/V " CAROLA G "  FOR STEEL
   RAILS . YOU CAN ASK THE FOLLOWING REFERENCES :

   1- P K Drycargo S. r. l.
      TEL: +39 0 544 420073
      FAX:+39 0 544 591600
      E-MAIL: chartering@navenna.it

   2- Fierro Noleggi s a s
      TEL: + 39 081 8045517
      FAX:+ 39 081 8683295
                                   Page 2
```

fixture recap.txt

E-MAIL: fierron@tiscalinet.it

SUB STEM/SHIPPERS/RECEIVERS APRVL WCH TO BE LIFTED WITHIN 24 WRKNG
HOURS FROM FIXING M/TS .

ANY EVENTUAL FIXTURE TO REMAIN ABSOLUTELY P+C AND NOT TO BE
REPORTED .

3 CONSECUTIVE VOYAGES IN DIRECT CONTINUATION.ON COMPLETION DISCH.
OF THE 2ND VOYAGE CHRTS AND OWS TO DISCUSS FOR THE ADDITIONAL
CONSEC VOYAGES .

LOADING METHOD :

CHTS CONFIRM LOADING TO BE DONE WITH PIPES THROUGH HOLES IN
ALEXANDRIA OR BY DISCHARGE 1.5T JUMBO BAGS INTO HOPPERS WHICH
LOAD THE BULK CEMENT THROUGHT THE SAME HOLES USING SHORE CRANES

DISCHARGE METHOD  :

DISCHARGE BY GRABS / SHORE CRANES

LOAD / DISCHARGE PORT : 1SB AA ALEXANDRIA
                       1SB AA VALENCIA

16.000 MT 5 PCT MOLOO BULK GRAY CEMENT STW DWT

L/C 1-10 MARCH 2004  (L/C TO BE NARROWED IN MAX 5 DAYS SPREAD
15 DAYS BEFORE COMMENCEMENT OF L/C .

TIME USED BEFORE COMMENCEMENT OF LAYTIME TO COUNT HALF  SHIFTING TIME FROM WAITING
ANCHORAGE TO LOADING BERTH NOT
 TO COUNT AS LAYTIME BOTH ENDS
TIME FOR DRAFT SURVEY TO COUNT BOTH ENDS

IF NEEDED TO OPEN HOLES THEN
 TIME FOR OPENING AND CLOSING OF HOLES IF NEEDED NOT TO COUNT
 AND COST OF OPENING N CLOSING OF HOLES TO BE FOR OWNERS A/C
 IN CASE NEW HOLES TO BE OPENED THEN MASTER TO BE VERY CAREFULL
 WITH OPENING N CLOSING OF HOLES IN ORDER NOT TO FALL DOWN INTO
 THE HOLD(S) ANY METAL PIECE OWISE TO REMOVE SAME IMMY . THIS
 IS VERY IMPORTANT AS METAL PIECES MAY CREATE SERIOUS PROBLEMS
 TO THE UNLOADER EQUIPMENT.
 VESSEL HAS PERMANENT LOADING HOLES OF 600 MM DIA.

FRT RATE PER METRIC TON FREE IN/OUT/TRIMMED ON BS/LWEIGHT
USD 21,00 PER MT .
FREIGHT PAYMENT: 100% PCT OF THE FREIGHT LESS 2.5% COMM.
IN US CURENCY TO OWNS NOMINATED BANK A/C WITHIN 3 BDAYS IAC BBB
AFTER COMPLETION OF LOADING SIGNING RELEASING CONGENBILL 94
B'S/L MARKED 'FREIGHT PAYABLE AS PER CP DD ../../.. AND
'CLEAN ON BOARD' . FOR 'COB' BSL MASTER HAS THE RIGHT TO REJECT
DAMAGED CARGO AND SHIPPERS/CHRS TO REPLACE SAME WITH SOUND ONE.
IN CASE CHRTRS REQUIRE 'FREIGHT PREPAID' BS/L SAME TO BE HELD
IN CUSTODY OF LDPORT AGENTS AND SHALL BE ONLY RELEASED WITH OWS'
WRITTEN AUTHORITY IMMLY UPON RECEIPT OF CLEAR BANK SWIFT DETS
SHOWING IRREVOCABLE PAYMENT OF FREIGHT .
IN ANY CASE MASTER IS OBLIGED TO DELIVER THE VSL'S THE
O.BS/L SIGNED AND STAMPED BY MASTER BEFORE SAILING O/W THE AGENT
HAVE THE RIGHT NOT TO SAIL THE VSL UNTIL RECIEVE THE BS/L.
FREIGH IS FULLY PAYABLE ON SHIPMENT DANRVAOCLONL
DEM IF ANY TO BE SETTLED BTWN OWNERS/CHRS WITHIN 20 DAYS UPON
TENDERING FULLY SUPPORTED LAYTIME CALCULATION.PHOTOCOPIES/FAX

Page 3

```
                              fixture recap.txt
   ACCEPTED.
   LOAD/DISCHARGE RATES ALWAYS PER WWDAYS OF 24 CONSEC HRS:

 L/RATE : 3000 FHINC SUPER HOL EXCL ( BIMCO S'HOL TO APPLY)  D/RATE : 3000 SHEX SAT
NOON/MON 0800 NTC UU ATUTC

 AT BOTH ENDS N.O.R TO BE TENDERED BY MASTER
  WIBON/WICCON/WIPON/WIFPON IN WRITTING BY CABLE/TELEX/FAX PROVIDED
  THAT
  VSL IS ARRIVED AT VSL'S NORMAL WAITING AREA IN THE COMMERCIAL PORT
  DESTRICT.( AREA ) VESSEL IS CLOSE TO THE PORT LIMITS .
  IF N.O.R TENDERED B4 NOON THEN LAYTIME SHALL COMMENCE AT 14:00 HRS
  THE SAME DAY AND IF TENDERED AFTER NOON THEN LAYTIME SHALL COMMENCE
  AT 08:00 HRS THE NEXT WORKING DAY
  N.O.R TO BE TENDERED ALWAYS WITHIN OFFICIAL WORKING HOURS .
  N.O.R TO BE TENDERED MONDAY TO FRI 0800-1700 HOURS AND SAT 1200 HRS
  AT DISCHARGE PORT
  N.O.R IN ALEXANDRIA TO BE TENDERED WITHIN WORKING HOURS
  0800 TO 1700 HRS AND THURSDAY 0800 TO 1200 HOURS
  TIME NON REVERSIBLE BETWEEN L/D PORTS MASTER TO ADVISE VSL'S AGENTS
  AT BOTH ENDS VESSEL'S E.T.A AT 72,48,24 HOURS PRIOR OF THE VESSEL'S
  ARRIVAL.IN CASE MASTER FAILED TO SEND THE ARRIVAL NOTICE TIME WILL
  START COUNT AFTER 24 HRS FM ACCEPTING THE N.O.R.

 DEM USD 6,750 PDPR / FDBE

 FREE EXTRA INSURANCE

 ANY TAXES DUES WHARFARGES CHARGES LEVIED ON CGO/FRGT OR CALCULATED
  ON SAME TO BE FOR CHARTERERS ACC BOTH ENDS.ANY TAXES DUES
  CHARGES ON VESSEL TO BE FOR OWNS ACC BE .

 CHARTERERS AGENTS BENDS.
√= HORUS SHIPPING AND TRADING -AGENCY DEVISION   ( AT LOAD PORT)

  = SERVIMAD SERVICIOS MARITIMOS Y ADUANEROS VALENCIA SL
    (AT DISCHARGE PORT)


 ARBITRATION IN LDN , ENGL LAW TO APPLY
  SMALL ARB CLAUSE TO APPLY ALSO FR AMOUNT NOT EXCEEDING USD 50,000

 COMMISSION 2.5% (INCL 1.25%)  ADDRESS ON F/D/D

 OWISE EXECUTED PROFORMA C/P BASED ON MV ''CAPT YAMAK''
DATED CAIRO 12/06/2002, UNLESS OWISE AGREED ON MAIN TERMS WITH LOGICAL AMENDMENTS
AND FOLL ALTERATIONS

 - CL 25 INSERT 'IN CASE VSL'S HOLDS FAIL SHIPPERS INSPECTION
         TIME FROM SUCH FAILURE UNTIL HOLDS READY AGAIN NOT TO
         COUNT AS LAYTIME'

 - CL 26 DELETE AND READ
           ''CHARTERERS/RECEIVERS TO DISCHARGE ALL THE CARGO
           FROM VSL'S HOLDS WITH ANY POSSIBLE ASSISTANCE FM THE CREW.

           AFTER THE FIRST AND 2ND VOYAGES VESSEL TO PROCEED FOR
           LOADING,AFTER COMPLETION OF DISCHARGE, WITHOUT ANY
           FURTHER CLEANING OF THE HOLDS AND SHIPPERS TO ACCEPT VSL
           FOR LOADING.

           FOR THE THIRD OR LAST VOYAGE CHRS/RECEIVERS TO ARRANGE FOR
           CLEANING AND SWEEPING AND CARGO REMOVEL FROM HOLDS FRAMES
                                  Page 4
```

```
                          fixture recap.txt
      AND COMMERS WITH CREW ASSISTANCE IN COORDINATION WITH THE
      MASTER AGAINST A BONUS OF USD 2,000 TO BE PAID TO OWNERS
      DIRECTLY TOGETHER WITH THE FREIGHT.

      CREW TO START CLEANING WHEN REQUESTED BY RECEIVERS OR THEIR
      AGENTS AND DISCHARGING TO BE CONSIDERED COMPLETED UPON
      REMOVAL OF ALL CGO FROM THE HOLDS''
```

- CL 27 AFTER 'CARGO' INSERT 'FREIGHT' (MAIN TERMS)

- CL 29 DELETE 'INCLUDING FREIGHT TAX IF ANY'

- CL 31 DELETE 'AS WELL AS VESSELS GEARS FOR LOADING/DISCHARGING
        OPERATIONS'

- CL 39 LOADING CONDITIONS
        ITEM (4) DELETE 'TIME FOR CONNECTING....NOT TO COUNT'

ENDS

THANKS FOR THE FIXTURE AND YR NICE COOPERATION

BEST REGARDS/GC